IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Tommy Slayton (#R-23174),)
)Case No. 15 C 50078
    Plaintiff,)
)
vs.)
)
Dr. Bessie Dominguez, et al.,)
)Judge Philip G. Reinhard
    Defendants.)

**ORDER**

    For the reasons set forth below, the court grants defendant Donald Enloe's amended motion to dismiss [41].

**STATEMENT - OPINION**

    This matter arises out of plaintiff Tommy Slayton's section 1983 allegations of deliberate indifference with regard to his medical care while incarcerated at Dixon Correctional Center in Dixon, Illinois.[1] In his complaint, plaintiff names Dr. Bessie Dominguez, nurse practitioner Susan Tuell, Wexford Health Sources, Inc., several John/Jane Does responsible for medical treatment, and Warden Donald Enloe. *See* [1]. Before the court is Warden Enloe's motion to dismiss all claims against him, including those in his individual and official capacity, because plaintiff has failed to meaningfully allege his personal involvement in plaintiff's care. Plaintiff has filed a response to the motion [45] and Warden Enloe has filed a reply [50]. As an initial matter, plaintiff concedes in his response that the official capacity claims against Warden Enloe, seeking equitable relief, must be dismissed because plaintiff is no longer an inmate at Dixon. *See* [45] at 1. The court agrees and as such grants Warden Enloe's motion to dismiss the claims against him in his official capacity.

    In the factual background section of his complaint, plaintiff alleges that while working in March of 2014, he tripped and fell on an uncovered drain, injuring his right knee and ankle. *See* [14] at 3. He alleges that after seeking medical care, Dr. Dominguez and Nurse Tuell administered an Ace bandage, prescribed him Motrin, ordered two x-rays (the second of which was reported as "under exposed"), gave him a quad cane, told him to sleep on the bottom bunk for several weeks, and prescribed him Neproxin. *See id.* at 3-4. However, he continued to complain of pain and again tripped and fell in September of 2014. *See id.* at 4. Despite continuing pain and the fact that the

---

[1]Subsequent to filing this lawsuit, plaintiff has been released from incarceration.

1

second x-ray was reported as "under exposed," no additional imaging studies were ordered for his knee.

Plaintiff does not mention Warden Enloe in the factual background section of his complaint. His allegations against Warden Enloe are restricted to three paragraphs in Count III of the complaint, in which plaintiff alleges that "Defendant Enloe has a duty to prevent constitutional violations at Dixon Correctional Center," "He knew of Plaintiff's serious medical condition and the deliberate indifference to which Plaintiff was subjected," and "Defendant Enloe was deliberately indifferent to Plaintiff's serious medical condition." *See id.* at 7.

As Warden Enloe points out, the claims against him must fail unless plaintiff has alleged his individual involvement and deliberate indifference, rather than simply being the supervisor of all care at Dixon. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citations omitted). As noted, plaintiff's description of his treatment does not mention Warden Enloe at all. His allegations that Warden Enloe "knew" that his care was deliberately indifferent and "was deliberately indifferent" himself are, as plaintiff himself admits, merely conclusory allegations. *See* [45] at 5 ("Defendant is right, these are formulaic allegations"). Conclusory allegations are insufficient in a 1983 action; instead plaintiff must offer "facts that might plausibly support" deliberate indifference. *Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832–33 (7th Cir. 2012) ("This unsupported legal conclusion is precisely the type of allegation that was rejected in [*Iqbal* and *Twombly*].").

Instead of arguing that his conclusory allegations against Warden Enloe are sufficient, plaintiff claims that he has plausibly alleged Warden Enloe's involvement because his general allegations of his medical care reveal that "no one at Dixon–not a medical caregiver nor the Warden–did what they were required to do: provide medical care to Plaintiff." *See* [45] at 5. Plaintiff also states that "As a condition precedent to filing this complaint, Plaintiff had to exhaust his administrative remedies, including a grievance process that necessarily went through Defendant Enloe." *Id.*

First, plaintiff's allegations that he suffered deliberately indifferent care are insufficient to show that Warden Enloe was personally aware of and involved in his care. Plaintiff attempts to rescue his claims by essentially pleading additional facts in his response brief: that the Warden became personally aware and involved through a grievance that plaintiff filed regarding this treatment. This argument must fail because plaintiff did not attach his grievance to his complaint or allege that one was filed and ignored by Warden Enloe. In a motion to dismiss, the court must be restricted to the filings and attachments. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). It is impossible to know from plaintiff's filings whether a grievance was filed, when it was filed, and what it contained. If a filed grievance is plaintiff's entire basis for arguing that Warden Enloe was personally aware of inadequate treatment, plaintiff must at the very least plead the

existence of that grievance.² Because plaintiff failed to adequately plead Warden Enloe's personal involvement in the first amended complaint, the claims against Warden Enloe in his individual capacity must fail.

For the foregoing reasons, the court grants defendant Warden Enloe's amended motion to dismiss [41] in its entirety.

Date: 1/22/2016                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices.  (LC)

---

²The court notes that even if the grievance were attached, it would likely be insufficient because, as the Seventh Circuit has recently noted, "§ 1983 requires personal responsibility—a plaintiff must show the defendant knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye." *Faulkner v. Fenoglio*, 2016 WL 197165, at *3 (7th Cir. Jan. 15, 2016).  "Thus, if the defendants were not involved in the underlying harm, the mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *See Montanez v. Feinerman*, 439 F. App'x. 545 (7th Cir. 2011).